IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ATLANTIC RECORDING CORP., et. al, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Case No. 07-CV-880 |
| v. | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| BRANDON MARTIN, | : | Magistrate Judge Kemp |
| | : | |
| Defendant. | | |

## OPINION & ORDER

This matter is before the Court on Defendant Brandon Martin's Motion for Relief from Entry of Default and Leave to Answer. Atlantic Recording Corporation and various record labels (collectively "Plaintiffs") sued Martin for copyright infringement. Martin failed to answer and Plaintiffs moved for default judgment. Martin belatedly retained an attorney and now moves for leave to litigate this case. For the reasons set forth below, the Court **GRANTS** Defendant's motion.

Plaintiffs allege that Martin, a sophomore at Ohio University, distributed over one hundred and eighty-five copyrighted songs to other Internet users via LimeWire, a peer-to-peer ("P2P") file sharing network. P2P networks enable users to search for and download copyrighted music from the computers of other users free of charge. On September 4, 2007, Plaintiffs brought a copyright infringement claim against Martin under 17 U.S.C. § 101 *et seq.* for statutory damages and injunctive relief. In lieu of answering the complaint, on October 2, 2007, Martin submitted a letter to the Court stating "I am currently looking for an attorney to help me with this case." On October 23, 2007, Plaintiffs moved for default judgment. The clerk's office then docketed an entry of default against Martin. On November 21, 2007, Martin

retained counsel and moved to oppose default judgment and for leave to answer the complaint.

Federal Rule of Civil Procedure 55(c) permits the Court to set aside an entry of default "for good cause." A "stricter standard of review applies for setting aside a default once it has ripened into a judgment." *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 595 (6th Cir. 2006). Once the Court "has determined damages and a judgment has been entered, [its] discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation as reflected in Rule 60(b)." *Id*. By contrast, the Court "has considerable latitude under the Rule 55(c)" to set aside an entry of default. *Lawrence v. Chabot*, 182 F. App'x. 442, 456 (6th Cir. 2006). In determining whether a defendant has shown good cause to set aside an entry of default, the Court should examine whether "(1) the default was willful, (2) set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983).

In this case, there is good cause to set aside the entry of default. For a default to be willful, "the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Ass.*, 796 F.2d 190, 194 (6th Cir. 1986). Martin, a college student, notified the clerk's office that he was seeking an attorney before he was required to file an answer. Arguably, under the relaxed pro se pleading standards, Martin's letter might be construed as a motion for a continuance. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (noting that pro se litigants merit forgiving pleading standards). At the very least, Martin's letter notified Plaintiffs of his desire to contest the suit and made it plain that he did not intend to either ignore the action or waive his right to answer. As such, he did not willfully default.

Nor will Plaintiffs be prejudiced if the Court permits Martin to litigate this case. It is well-established that "[m]ere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside [an entry of] default." *United Coin Meter*, 705 F.2d at 845. To be considered prejudicial, "the delay must result in tangible harm such as lost evidence, discovery problems, or the opportunity for fraud." *Amernational Ind. Inc. v. Action-Tungram Inc.*, 925 F.2d 970, 977 (6th Cir. 1991). Martin sought leave to set aside the entry of default only thirty-two days after Plaintiffs moved for default judgment. There is little danger that this delay hurts Plaintiffs' case. Most significantly, Plaintiffs do not even oppose Martin's motion for leave to answer the complaint. The risk of prejudice is therefore de minimis.

In sum, this case should be litigated on the merits. Accordingly, the Court **GRANTS** Defendant's Motion for Relief from Entry of Default and Leave to Answer and **DENIES** Plaintiffs' Motion for Default Judgment. Defendant has twenty (20) days to file an answer.

    **IT IS SO ORDERED**.

          s/Algenon L. Marbley
          **ALGENON L. MARBLEY**
          **UNITED STATES DISTRICT COURT**

**Dated: March 11, 2008**